## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LORIE M.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:25-cv-91-DWD** |
| | ) | |
| **FRANK BISIGNANA,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court pursuant to the parties' Joint Motion to Award Attorney Fees and Expenses (Doc. 22) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[2] The parties seek an award of attorney's fees and expenses, totaling $10,300.00 (ten thousand three hundred dollars and zero cents) in full satisfaction of any and all claims that may be payable to plaintiff in this matter under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.[3] The parties also seek specific language in this Court's order, reflecting that the award to Plaintiff may be offset by any pre-existing debt owed to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).

---

[1] In keeping with the Court's practice, Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

[2] In the Joint Motion, the parties reference § 2412(d). However, subsection (d)(1)(B) imposes certain requirements, which are not satisfied here, for obtaining an award of attorney's fees and expenses under subsection (d)(1)(A). See 28 U.S.C. § 2412(d)(1)(A)-(B). Accordingly, for purposes of this Memorandum and Order, the Court presumes that the parties are proceeding under subsection (b).

[3] Plaintiff has not filed a separate petition for EAJA fees. To the extent plaintiff seeks costs, Plaintiff shall do so separately

Under § 2412(b) of the EAJA, the Court may award reasonable attorney's fees and expenses to the prevailing party in any civil action brought against the United States, any agency of the United States, or any official of the United States acting in his or her official capacity. *See* 28 U.S.C. § 2412(b).

Here, the Court finds Plaintiff is the prevailing party in this civil action against the Commissioner of Social Security. The Court further finds an award of $10,300.00 to Plaintiff, as jointly requested by the parties, is reasonable. For these reasons, the parties' Joint Motion to Award Attorney Fees and Expenses (Doc. 22) is **GRANTED** as follows:

Plaintiff is awarded $10,300.00 (ten thousand three hundred dollars and zero cents) for attorney fees and expenses in full satisfaction any and all claims that may be payable to plaintiff in this matter under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

Any fees paid belong to plaintiff and not plaintiff's attorney and can be offset to satisfy any pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If defendant can verify that plaintiff does not owe a pre-existing debt to the government subject to the offset, defendant will direct that the award be made payable to Bryan Konoski pursuant to the EAJA assignment duly signed by plaintiff. If payment is mailed, as compared to electronically deposited, it shall be mailed to counsel's address of record:

Konoski & Partners, PC
180 Tices Lane
Suite 204, Bldg. A
East Brunswick, NJ 08816

**SO ORDERED.**

Dated: August 6, 2025

<u>s/ *David W. Dugan*</u>
DAVID W. DUGAN
United States District Judge